UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

U.S. DISTRICT COURT
N.D. OF N.Y.
FILED

JAN 2 0 2016

LAWRENCE K. BAERMAN, CLERK
ALBANY

| | |
|---|---|
| TREE-MENDOUS ADVENTURE PARKS ) | |
| ) | |
| GERHARD KOMENDA ) | |
| ) | |
| LEON SHABOTT ) | Civil Action No. |
| ) | 1:16-CV-71 TJM/CFH |
| *Plaintiffs* ) | |
| ) | |
| v. ) | |
| ) | |
| VARICK STRINGHAM ) | 18 January 2016 |
| ) | |
| TREEMENDOUS NORTH MEN GROUP LLC ) | |
| ) | |
| RENEE SCHERMERHORN ) | |
| ) | |
| BRIAN EARLY ) | |
| ) | |
| *Defendants* ) | |

---

VERIFIED COMPLAINT AND REQUEST FOR JURY TRIAL

---

1. This is a civil action in which the Plaintiffs' commercial operations are a leading business in the aerial adventure park industry and are seeking relief against the Defendants to stop their ongoing unlawful theft of the Plaintiffs' intellectual property and their tortious interference and injuring of their ongoing and prospective business activities. The Plaintiffs are seeking injunctive relief against the Defendants. They seeking an injunction to stop the Defendants further infringement and dilution of the Plaintiffs' trademarked intellectual property. They are also asking the Court to enjoin the Defendants tortious interference with their current and prospective contractual relationships. The Plaintiffs are seeking an award by the Court of just compensation for the past injuries inflicted on them by the unethical, unfair and unlawful

business practices of the Defendants. They also seek an award of punitive damages to be imposed on the Defendants.

2. The Plaintiffs seek a jury trial on all their claims against the Defendants.

### The Parties

3. Plaintiff TM Park, Inc. d/b/a/ Tree-Mendous Adventure Parks™ is a company located and operated in New York State. Its business address is 82 Mercer Mountain Road, East Chatham NY 12060.

4. Plaintiff Gerhard Komenda is the president and owner of TM Park, Inc. His business address is % Tree-Mendous Adventure Parks™, 82 Mercer Mountain Road, East Chatham NY 12060.

5. Plaintiff Leon Shabott is a part owner and employee of Tree-mendous Adventure Parks™. His residence address is 127 Tell Street, Providence RI 02909

6. Defendant Varick Stringham is being sued as an individual and as a partner and chief executive officer ("CEO") of Treemendous North Men Group LLC. His residence address 22 Pine Street Claverack, NY 12513.

7. The Defendant Treemendous North Men Group LLC is a business registered with the New York's Department of State as a resident limited liability company. Its business address is 18 Park Row, Chatham NY 12037. The party officially designated to receive process on behalf of TNMG is James Kleinbaum P.C., 18 Park Row, Chatham, NY 12037.

8. Defendant Renee Schermerhorn is a resident of New York. She is being sued in her personal capacity and also as the Chief Financial Officer of Defendant TMNG. Her residential address is 100 Swiss Farms Road Hudson, NY 12534.

9A.     Defendant Brian Early is being sued both as a private person and as an employee of Defendant TNMG. His residence address is 7656 California Hill Road, Little Valley, NY 14755.

### Jurisdiction and Standing

9B.     The Plaintiffs have Article III Standing to bring the instant action as they have sustained both monetary and irreparable injury at the hands of the unlawful acts of the Defendants who conspired together to unlawfully injure the Plaintiffs. The course, scope and furtherance of said conspiracy involved the acts and conduct hereinafter alleged. This court has jurisdiction of this action under 15 USC §1121. 28 USC §§ 1131, 1338 and 1367, and 15 U.S.C. § 1116(a) (injunctive relief).

9C.     Venue is proper in this district under 28 USC § 1391.

### Background

10.     In [month, year] Plaintiff Komenda organized and commenced his aerial adventure park business. An aerial adventure park business ("Aerial Adventure Park Industry") is a place, which can contain a wide variety of elements, such as rope climbing exercises, obstacle courses and zip-lines. They are usually intended for recreation. Recreational-oriented adventure parks are usually designed for a larger volume of visitors. They do not follow a specific educational concept, but see the individual, physical and mental challenge as a predominantly recreational activity. Neither climbing techniques nor special/specific physical fitness experience are necessary.

11.     Plaintiff Komenda is the President and owner of TM Park Inc. and Adventure Park Gear Inc. These companies are located in New York State also. These companies do business as Tree-mendous Adventure Parks. Tree-Mendous Adventure Parks ("Plaintiff Tree-

Mendous") is a Plaintiff in the above captioned action. Plaintiff Shabott is an employee and part owner of Tree-Mendous. The Plaintiff Komenda's company TM Park Inc. has obtained "Tree-mendous" as a registered trademark with the US Patent and Trademark Office and it has been assigned the USPTO #86669880.

12. Plaintiff Tree-Mendous hired Defendant Stringham in April 2014 to be its Chief Operating Officer. From that point on Stringham received training to acquaint him fully with full knowledge of the business operations of the Plaintiff Tree-Mendous. This included full knowledge of its business model, its finances, and its client list and all the information to contact the companies on that list. This Defendant was also given exclusive access to Plaintiff Tree-Mendous' prospective client list with contact information, the company's accounting files and books, general business files, pending and outstanding contracts, proprietary and confidential information of various forms, and general business files.

13. Upon information and belief while still an employee of Plaintiff Tree-Mendous, Defendant Stringham on 2 December 2014 registered a business on his own with the state of New York as a limited liability company. He named his business Treemendous North Man LLC. On 24 June 2015 Defendant Stringham changed the name of the said LLC to its current name of Treemendous North Men Group LLC ("Defendant Treemendous North Man"). Government records list Stringham as Defendant Treemendous North Men's Chief Executive Officer. Defendant Schermerhorn was also an employee of Plaintiff Tree-Mendous when Defendant Stringham started Defendant Treemendous North Man. She is currently listed in government records as the Chief Financial Officer of Defendant Treemendous North Man.

14. Since its inception, Defendants Stringham and Treemendous North Men only sought to operate as a direct competitor of the Plaintiffs in the Aerial Adventure Park Industry.

Defendant Treemendous North Men is attempting to provide goods and services to aerial adventure park type companies, including building adventure park and providing these businesses maintenance services. Defendant Stringham maliciously acted while an employee of the Plaintiffs to interfere with the ongoing business of Treemendous for his own personal gain and that of Defendant Treemendous North Men. He used his exclusive access to Tree–Mendous' proprietary customer list and prospective customer list to take away business from Tree-Mendous and to steal prospective business away from Tree-Mendous. Also Defendant Treemendous North Men is utilizing an unregistered trademark that depicts a figure of a man hanging from a zip line which is almost identical to Plaintiff Tree-Mendous' officially registered "M symbol" trademark.

15. The Plaintiffs eventually became personally aware from unimpeachable sources that Defendant Stringham while still employed by the Plaintiffs was both soliciting business from current clients of Plaintiff Tree-mendous and also deliberately seeking to adversely interfere with prospective business clients of the Plaintiffs as well. Example, in April 2015 the Plaintiffs learned that Defendants Stringham and Treemendous North Man deliberately and in bad faith had interfered with the Plaintiffs' ongoing project adventure park project located in Negril, Jamaica called "Negril Jamfest."

16. The Plaintiffs had already entered into a binding contract to build Negril Jamwest ("Jamaica Contract") with its owner/operator Jamwest Motorsports and Adventure Park Ltd ("JamWest"). Defendant Stringham while employed by the Plaintiffs deliberately acted to take over the construction of Negril Jamwest from the Plaintiffs. He succeeded in his attempts to deliberately sabotage the Plaintiffs contractual business with JamWest to his advantage. JamWest breached the Jamaica Contract with the Plaintiffs, abandoning its contractual

relationship with them, and then hiring the Defendants to build Negril JamWest. In doing so, the Defendants seized construction equipment, tools and building materials owned by the Plaintiffs and converted the Plaintiffs' said property to their own use for their work on Negril Jamfest. Upon information and belief the Defendants eventually built the Negril Jamest and are still currently in possession of the said equipment and tools that they stole from the Plaintiffs to build Negril Jamwest.

17. Defendant Stringham was also still employed by the Plaintiffs when he directly interfered with the ongoing efforts of the Plaintiffs to obtain a business contract with a prospective client located in Mystic Connecticut to build and maintain an adventure park to be called "Fields of Fire." In attempting to prevent the Plaintiffs from obtaining the said contract — and to obtain it for himself and his new business — Stringham deliberately defamed and slandered the Plaintiffs to the Fields of Fire owner Thomas Vignato. In doing so Stringham persuaded Vignato to give the Defendants the contract to build Fields of Fire instead of going through with his original plan to contract with the Plaintiff to build it.

18. On 22 April 2015 Plaintiff Komenda learned that Defendant Stringham had deliberately interfered with and maliciously prevented him from obtaining the contract to build Fields of Fire. On that same date, Defendant Stringham served on him a letter of resignation from employment with Plaintiff Tree-mendous. Defendant Stringham's resignation letter to Plaintiff Komenda came five months after he formed Defendant Treemendous North Men.

19. Despite the Defendant Stringham's resignation, Defendant Schermerhorn continued her deception of working for the Plaintiffs while at the same time also being an executive employee of Defendant Treemendous North Men. During that period Defendant Schermerhorn deliberately and surreptitiously took into her personal possession credit cards,

proprietary property and financial records of the Plaintiff Tree-Mendous. The said proprietary property of the Plaintiffs was in part stored on a Hard Drive that she had exclusive access to and then she removed it from the offices of the Plaintiff Tree-Mendous without any authority or permission to do so. She eventually stored in her own personal residence without neither the permission of the Plaintiffs nor without informing them. Upon information and belief the Defendants accessed the Plaintiffs' "Proprietary Information" (e. g client list, prospective client list, pending and ongoing contracts, general business files, etc.) both on the Hard Drive and otherwise in the unauthorized possession of Defendant Schermerhorn. They then made unauthorized use of the Proprietary Information to benefit their business by interfering in the Plaintiff's business with their current customers and by interfering with the Plaintiffs' attempts to enter into business with prospective clients.

20. On 26 May 2015, Defendant Schermerhorn resigned from the employ of the Plaintiffs. However, she kept the Plaintiff Tree-Mendous' company credit cards and the said Hard Drive without having authority or permission to do so and without informing the Plaintiffs that she was doing so. By 22 June 2015 the Plaintiffs had become aware of Defendant Schermerhorn's unauthorized possession of Plaintiff Tree-Mendous credit cards and Hard Drive containing massive amounts of its proprietary data and information.

21. On or about 25 June 2015, the Plaintiffs became aware that Defendants Stringham and Treemendous North Men had posted on several of their Internet webpages videos and pictures of several of the Plaintiffs' adventure aerial park projects. The Defendants claimed on their web pages that the pictures and videos of the Plaintiffs' aerial adventure park projects were claiming them as their own work product — when in fact they had nothing to do with them. Also

on these webpages were various links to other webpages maintained by the Defendants and that also promoted their own aerial adventure park business.

## Plaintiffs Claims Against the Defendants

COUNT I:   *The Defendants' Infringement of the Plaintiffs' Trademark and Violation of Section 43(a) of the Lanham Act.*

22.   The Plaintiffs re-allege every claim and allegation raised in ¶¶ 1 – 21.

23.   The Defendants maliciously infringed upon the registered trademark and protected intellectual property of the Plaintiffs through their operating a business as the Defendant Treemendous North Men Group LCC. The Plaintiffs contend that the Defendants use of the Tree-mendous name in its logos, images and trademarks, as well as using it in Defendant Treemendous North Men's name have confused, and is likely to confuse, the marketplace. Moreover, the Defendants illegal posting of pictures and videos taken of the Company's projects without the the Plaintiffs' consent and with links directly to Defendant's Treemendous North Men's website is clearly in violation of the Plaintiffs' registered trademarks.

COUNT II:   *The Defendants Violation of Federal Trademark Dilution Act of 1995 for their Dilution of the Plaintiffs' Trademark codified at Lanham Act 43(c), 15 USC § 1125(c)*

24.   The Plaintiffs re-allege every claim and allegation raised in ¶¶ 1 – 23.

25.   The Defendants are engaging in unlawful dilution of the Plaintiffs registered trademarks. The Defendants have confused, or could confuse, the public and potentially new clients in the Aerial Adventure Park Industry. First, the name of the Defendants company – Treemendous North Men Group LLC – is nearly identical to the Tree-Mendous' business name, illustrating a "predatory intent" to gain from the the Plaintiffs' prior efforts and damage its business interests. Second, Defendant Treemendous North Men's logo is clearly an imitation of

the Tree-Mendous's logo — both depict a man hanging from a zip-line. Third, the Plaintiff Tree-Mendous distinctive trade name and distinctive trademark are recognized and "renowned", having been used in the marketplace for years and reproduced in various national and international media and publications, including the industry's leading magazine, *Adventure Park Insider*.

COUNT III:  *The Defendants Violation of the Anti-Cybersquatting Consumer Protection Act (ACPA), 15 U.S.C. § 1125(d) for their Use of an Internet Domain Name and Other Cyber Acts Derived from the Trademarked Name of the Plaintiffs.*

26. The Plaintiffs re-allege every claim and allegation raised in ¶¶ 1 – 25.

27. The Defendants have used the Internet and several websites to infringe and unlawfully dilute the Plaintiffs registered trademarks. The Defendants in the past have used a domain name tremendousparks.com to operate a website that was intended to infringe on the Plaintiffs' trademark, to dilute their trademark and to deceive the Public into believing that the Plaintiffs' business was associated with the Defendants said website. Upon information and belief the Defendants are using and/or intend use domain names imitating the Plaintiffs in the future absent an order of the Court to stop them.

**Plaintiffs' Claims Brought Under the Court's Supplemental Jurisdiction**

COUNT IV:  *The Defendants' Misappropriation of Trade Secrets and Proprietary Information.*

28. The Plaintiffs re-allege every claim and allegation raised in ¶¶ 1 – 27.

29. Plaintiffs Tree-Mendous has legally recognizable trade secrets and has become a leader in the Aerial Adventure Park Industry by implementing those trade secrets to construct unique courses, providing the Plaintiff with economic advantages over its competitors. When employed by Plaintiff Tree-Mendous, Defendants Stringham and Shermehrhorn had exclusive access to Plaintiff Tree-Mendous' confidential information and the trade secrets not provided the Public or anyone else employed by it. These

Defendants had a contractually recognized and legal duty not to personally retain or use this proprietary information except to promote the business of the Plaintiffs. These Defendants were contractually and legally bound not to divert business away from the Plaintiff Tree-Mendoous.

30. Nevertheless, the Defendants by forming Treemendous North Men, and thereafter by using the Plaintiff Tree-Mendous' trade secrets to compete against them in the Aerial Adventure Park Industry – and by their informing the Plaintiffs' current and potential clients that the Defendants can construct courses identical to Plaintiffs' courses at a cheaper price – the Defendants have illegally misappropriated Plaintiff Tree-Mendous' trade secrets.

31. Based upon Plaintiffs' past communications with the Defendants and other reliable information, the Plaintiff Tree-Mendous knows that its legally protected proprietary information has been misappropriated and used by the Defendants. The Company has reason to believe that the Defendants have, on several other occasions, misappropriated and used the Plaintiff Tree-Mendous' trade secrets and proprietary information.

COUNT V:   *The Defendants Tortious Engaging in Unfair Competition Against the Plaintiffs*

32. The Plaintiffs re-allege every claim and allegation raised in ¶¶ 1 – 31.

33. The Defendants Stringham and Schermehrhorn by forming Defendant Treemendous North Men while still employees of the Plaintiff Tree-Mendous competed against Tree-Mendous. Defendants Stringham and Schermehrhorn unjustifiably attempted, in bad faith, to divert business away from Plaintiff Tree-Mendous and to profit from Tree-Mendous time, labor and talent. The Defendants succeeded in illegally diverting the "Negril

Jamwest" project away from Plaintiff Tree-Mendous and to Defendant Treemendous North Men.

34. Moreover, the similarity in the names and trademarks of the Plaintiff Tree-Mendous and Defendant Treemendous North Men either already has, or is likely to, cause confusion within the Aerial Adventure Park Industry. These actions, together with the Defendants illegal conversion of Plaintiff' Tree-Mendous' supplies, cable and tools, and their other said actions are all efforts to gain a commercial advantage over the Plaintiff Tree-Mendous by use and means of unfair competition.

COUNT VI:   *The Defendants' Fraud and Tortious Conversion of the Plaintiffs' Property*

35. The Plaintiffs re-allege every claim and allegation raised in ¶¶ 1 – 34.

36. The Defendants retained a Hard-Drive and credit cards belonging to the Plaintiff Tree-Mendous after the termination of Defendants Stringham and Schermehrhorn employment without the its authorization. The Defendants and their agents have also illegal retained Plaintiff Tree-Mendous tools and supplies shipped that it to Jamaica pursuant to the Jamaica Contract. The Defendants and their agents hadno right or title, and continue to have no right, to any of the aforementioned property.

COUNT VII:  *The Defendants Tortious Interference with the Plaintiffs' Contracts with Its Business Partners*

37. The Plaintiffs re-allege every claim and allegation raised in ¶¶ 1 – 36.

Defendants Stringham and Schermehrhorn knew the Plaintiff Tree-Mendous entered into the Jamaica Contract. Shortly thereafter the Defendants and their agents approached Jamwest, informed them of your formation of Defendant Treemendous North Men, and intentionally solicited them to breach of the Jamaica Contract. As a result of the Defendants malicious efforts Jamwest subsequently breached the Jamaica Contract and, as

a result, the Plaintiff Tree-Mendous incurred damages, including, among other things, lost profits.

**COUNT VIII:** *The Defendants Tortious Interference with the Plaintiffs' Prospective Business Relationships*

38. The Plaintiffs re-allege every claim and allegation raised in ¶¶ 1 – 37.

39. The Defendants while still employed by Plaintiff Tree-mendous and still without its permission, directly interfered with its ongoing efforts to obtain a business contract with a prospective client located in Mystic Connecticut for the Plaintiffs to build and maintain an adventure park there to be called "Fields of Fire." In attempting to prevent Plaintiff Tree-Mendous from obtaining the this contract so the Defendants could obtain the contract for themselves, the Defendants deliberately defamed and slandered the Plaintiffs to the Fields of Fire owner Thomas Vignato. The Defendants using these unethical tactics persuaded Vignato to give the Defendants the contract to build Fields of Fire and to abandon his original plan agreement to contract with Plaintiff Tree to build it.

40. On 22 April 2015 Plaintiffs learned that the Defendants had deliberately interfered with and maliciously prevented Plaintiff Tree-Mendous from obtaining the contract to build Fields of Fire. On that same date, Defendant Stringham quit his employment with Tree-Mendous. The Defendant Stringham's quitting came five months after he organized Defendant Treemendous North Men and after he stole two major contracts from Plaintiff Tree-mendous while still being paid and contracted to Plaintiff Tree-Mendous as an employee.

**COUNT IX:** *The Defendants Defamation and Disparagement of the Plaintiffs*

41. The Plaintiffs re-allege every claim and allegation raised in ¶¶ 1 – 40.

42. The Plaintiffs has knowledge of defaming and disparaging remarks made by the Defendants and their agents against each of the Plaintiffs relating to their business efforts in both

Mystic, Connecticut and Jamaica. In the Defendants remarks, they defamed and slandered the Plaintiff Tree-Mendous abilities as well as the character and abilities of Plaintiff Komenda, the Tree-Mendous' CEO and President. Moreover, the Defendants have maliciously stated to potential and current clients of Plaintiff Tree-Mendous that its courses and business abilities are lacking and of a quality and standard less than Treemendous North Men.

**COUNT X:**    *The Defendants Breach of Fiduciary Duty – Corporate Opportunity to the Plaintiffs*

43.    The Plaintiffs re-allege every claim and allegation raised in ¶¶ 1 – 42.

44.    Defendants Stringham and Schermehrhorn breached their fiduciary duty as executive employees the Plaintiff Tree-Mendous by forming Defendant Treemendous North Me, to compete against the Plaintiff Tree-Mendous and to divert business away from it and instead to Treemendous North Men. Defendants Stringham and Schermehrhorn's illegal, deliberate actions are highlighted by you're their efforts along with their agents to divert the Jamaica Contract away from Plaintiff Tree-Mendous, and their attempt to divert Plaintiff Tree-Mendous' prospective Mystic, Connecticut project away from it and to Defendant Treemendous North Men.

## PRAYER FOR RELIEF

The Plaintiffs pray to the Court to provide them the following relief against the Defendants —

I. For a Declaratory Judgment that the Defendants unlawfully infringed, diluted and pirated over the Internet the Plaintiffs' protected trademark and other intellectual property.

II. For an order enjoining the Defendants, their employees and/or agents from: (a) doing business in the future as Treemendous North Men Group LLC or using the name "Tree-Mendous" in any manner associated with the Aerial Adventure Park Industry; (b) From using any further domain name on the Internet containing the word "Tree-mendous," "Treemendous," or any reasonable variation of such a name; (c) Using any print pictures, video and other materials, containing images and depicting property and projects of Tree-Mendous on the Internet or in any other media.

III. For an order requiring that the Defendants, their employees and/or agents immediately (a) Return all cable, tools and supplies belonging to the Plaintiffs in their possession, including, but not limited to the Plaintiffs' cable, tools and supplies used to construct Negril Jamwest and (b) Return all Hard Drives, digital media, digital records, credit cards, and proprietary financial records taken from the Plaintiffs and/or belonging to them.

IV. For an award of compensatory damages against each of the Defendants.

V. For an award of punitive damages against each of the Defendants.

VI. For an award for Attorney Fees and court costs against each of the Defendants.

VII. Any other relief from the Defendants that the Court deems appropriate.

BY:

/s/   Gerhard Komenda

Gerhard Komenda , president
TM Park, Inc. D/B/A Tree-Mendous Adventure Parks
82 Mercer Mountain Road
East Chatham NY 12060
Phone: 518-288-2920
Fax: 518-288-2919
Mobile Phone: 518-567-7832
Gerhard@tree-mendous.net

/s/   Leon Shabott

Leon Shabott
127 Tell Street
Providence RI 02909
LeomShabott@gmail.com
802-309-8707

### VERIFICATION OF THE FACTUAL ALLEGATIONS IN THE ABOVE COMPLAINT

WE verify that every allegation of fact found in the above document is known by the best of our abilities to be perfectly true and accurate. Signed under the pains and penalties of perjury this 18th day of January in the year 2016.

/s/   Gerhard Komenda
Gerhard Komenda

/s/   Leon Shabott
Leon Shabott